# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-1016V

Filed: October 30, 2017

Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MARYELLEN KOTTENSTETTE and    \*
NICHOLAS KOTTENSTETTE,    \*
as best friends of their daughter (CK),    \*
   \*
       Petitioners,    \*
   \*
   \*
v.    \*
   \*
SECRETARY OF HEALTH    \*
AND HUMAN SERVICES,    \*
   \*
       Respondent.    \*
   \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Interim attorneys' fees and costs decision; respondent defers to Special Master's discretion

John F. McHugh, New York, NY, for petitioners.
Camille M. Collett, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 11, 2017, petitioners Maryellen and Nicholas Kottenstette filed an Interim Application for Fees and Expenses [sic], requesting $987.64 in petitioners' personal costs, $50,157.50 in attorneys' interim costs, and $90,138.25 in interim attorneys' fees. No decision on entitlement has been issued.

For the reasons set forth below, the undersigned awards petitioners $117,303.38 in interim attorneys' fees and costs incurred up to and including August 1, 2017.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

## PROCEDURAL HISTORY

On September 11, 2015, petitioners filed a petition on behalf of their daughter, C.K., under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act"). Petitioners alleged that their daughter suffered progressive encephalopathy as a result of the DTap, HiB, IPV, and Prevnar vaccinations she received on October 2, 2012. Pet. at 1, 2. The case was assigned to the undersigned on September 14, 2015.

The initial status conference was held on November 20, 2015, during which the undersigned noted that this was a good case for settlement, and ordered petitioners to make a demand on respondent by April 15, 2016.

After three motions for extension of time, petitioners made a demand on respondent on August 11, 2016.

On September 13, 2016, the undersigned held a status conference, during which she discussed petitioners' expert report from Dr. Kinsbourne and ordered respondent to file an expert report and a Rule 4(c) Report by November 7, 2016. After one motion for extension of time, respondent filed his report on February 6, 2017. During the status conference on February 14, 2017, the undersigned discussed respondent's Rule 4(c) and Expert Reports.

An entitlement hearing is held on July 31, 2017.

On October 11, 2017, petitioners filed an Interim Application for Fees and Expenses [sic], asking for $987.64 in petitioners' personal costs, $90,138.25 in interim attorneys' fees, and $50,157.50 in attorneys' costs. On October 24, 2017, respondent filed a response to petitioners' motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

The matter of petitioners' interim attorneys' fees and costs is now ripe for adjudication.

## FACTUAL HISTORY

C.K. was generally healthy before receiving DTap, HiB, IPV, and Prevnar vaccinations on October 2, 2012, when she was four months old. Med. recs. Ex. 2, at 4.

On the same day as her vaccinations, C.K. had a seizure-like episode and was subsequently diagnosed with infantile spasms. Id. at 5.

C.K. developed a chronic encephalopathy as evidenced by developmental regression and decreased interactions. She also developed intractable seizures.

**DISCUSSION**

## I.     Interim Fee Awards are Appropriate Under the Vaccine Act

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in <u>Avera v. Secretary of Health and Human Services</u>, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in <u>Shaw v. Secretary of Health and Human Services</u>, 609 F.3d 1372 (Fed. Cir. 2010).

### A.  Interim Fees are Appropriate in This Case

In <u>Avera</u>, the Federal Circuit held that while interim fees are not banned by the statute, they were not appropriate in that case because appellants sought only higher fees after dismissal of their case.  515 F.3d at 1352.  The Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  <u>Id.</u>  In denying an interim fee award, the Federal Circuit reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal."  <u>Id.</u>

Respondent did not raise any specific objections to petitioners' fee application in his response to petitioners' Interim Application for Fees and Expenses [sic].  Instead, respondent said he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."  <u>Id.</u> at 3.  Respondent deferred to the undersigned "to determine whether or not petitioners have met the legal standard for an interim fees and costs award. . . ."  <u>Id.</u> at 2.

### 1.  Good Faith & Reasonable Basis

Petitioners are entitled to a presumption of good faith.  There is no evidence that this petition was brought in bad faith.  Therefore, the undersigned finds that the good faith requirement is met.

The undersigned also finds that petitioners had a reasonable basis to file the petition.  C.K.'s medical records support that she suffered infantile spasms and an encephalopathy.  The undersigned held for petitioners in two similar cases in which a baby suffered infantile spasms after receiving the vaccines.  <u>See</u> <u>Haynes v. Sec'y of HHS</u>, No. 00-358V, 2011 WL 681066, at *5-7 (Fed. Cl. Spec. Mstr. Feb. 7, 2011) (petitioner's child developed infantile spasms one week after receiving the DTap, IPV, and HiB vaccines); <u>see also</u> <u>Fowler v. Sec'y of HHS</u>, No. 03-1974V, 2011 WL 693746 (Fed. Cl. Spec. Mstr. Jan. 31, 2011) (petitioner's daughter developed infantile spasms the evening after receiving DTaP).  Therefore, the undersigned finds that petitioners had a reasonable basis to bring this claim.

### 2.  Protracted Proceedings

Additionally, interim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship on petitioners.  Petitioners' case has been pending for over two years.  Thus, the undersigned finds an award of interim fees and costs appropriate at this juncture in the case.

## II.    Reasonableness of Requested Attorneys' Fees and Costs

### A.  Reasonable Attorneys' Fees

Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task.  See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).  Counsel must not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### 1.  Mr. McHugh's Appropriate Hourly Rates

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Id. (citation and quotation omitted).  In Avera, the Federal Circuit found that in Vaccine Act cases, a court should use the forum rate, i.e., the DC rate, in determining an award of attorneys' fees.  515 F.3d 1343 at 1349.  At the same time, the court adopted the Davis County exception to prevent windfalls to attorneys who work in less expensive legal markets.  Id. (citing Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755 (D.C. Cir. 1999)).  In cases where the bulk of the work is completed outside the District of Columbia, and there is a "very significant difference" between the forum hourly rate and the local hourly rate, the court should calculate an award based on local hourly rates.  Id. (finding the market rate in Washington, DC to be significantly higher than the market rate in Cheyenne, Wyoming).

While Mr. McHugh is located in New York City, he is entitled to forum rates.  Rodriguez v. Sec'y of HHS, 91 Fed. Cl. 453, 479 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011) (affirming the Special Master's decision of rejecting Mr. McHugh's requested New York City hourly rate in favor of the Washington D.C. "forum rate.").

The undersigned finds that the hourly rates requested for petitioners' counsel, Mr. McHugh, are excessive.  Petitioners request $415.00 for Mr. McHugh's work performed in 2015, $430.00 for his work in 2016, and $445.00 for his work in 2017.  Ex. 21, at 1-7.

The following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large.  McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  McCulloch suggests the range of $350.00 to $425.00 an hour for attorneys with more than 20 years of experience is a reasonable forum rate.  Id. at *19.  Applying that standard, McCulloch awarded hourly rates for two of the most experienced attorneys who practice in the Vaccine Program, of $415/hour and $400/hour, respectively, for work performed in 2014 and 2015.  Mr. McHugh has a level of experience that is similar to the two lawyers in McCulloch.

In Mostovoy, Chief Special Master Dorsey determined Mr. McHugh was entitled to hourly rates of $330.00 in 2009, $340.00 in 2011, $345.00 in 2012, $350.00 in 2013, and $400.00 in 2014.  Mostovoy v. Sec'y of HHS, No. 02-10V, 2016 WL 720969, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).   In Hirmiz, a former Special Master reviewed the hourly rates awarded for Mr. McHugh's work in Mostovoy and determined that Mr. McHugh was entitled to hourly rates of $400.00 in 2015 and $415.00 in 2016 because "there is no evidence . . . suggesting that Mr. McHugh's level of experience and competence is somehow significantly greater than what has been previously recognized in Mostovoy."  Hirmiz v. Sec'y of HHS, No. 06-371V, 2017 WL 4277433, at *5 (Fed. Cl. Spec. Mstr. Aug. 29, 2017).

The undersigned finds that the analysis of Mr. McHugh's hourly rates in Hirmiz is persuasive.  Therefore, in consideration of Mr. McHugh's skill, experience, reputation, and quality of work, the undersigned finds that the appropriate hourly rate for Mr. McHugh's work performed in 2015 is $400.00, in 2016 is $415.00, and in 2017 is $430.00.  As Mr. McHugh billed 31.10 hours of time for work on the case in 2015 at a rate of $415.00, 59.63 hours in 2016 at a rate of $430.00, and 111.70 hours at a rate of $445.00, **the undersigned reduces petitioners' interim attorneys' fees for Mr. McHugh's work by $3,630.45.**

## 2.   Reduction in Amount of Hours Billed

The lodestar approach requires that the reasonable hourly rate be multiplied by the number of hours "reasonably expended on the litigation."  Avera, 515 F.3d at 1347-48 (quotation and citation omitted).  Counsel must submit fee requests that include contemporaneous and specific billing entries, indicating the task performed, the number of hours expended on the task, and who performed the task.  See Savin ex rel. Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 315-18 (Fed. Cl. 2008).  Counsel must not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary."  Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  Furthermore, the special master may reduce hours

*sua sponte,* apart from objections raised by respondent and without providing petitioner notice and opportunity to respond.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009).

### a.  Research

Mr. McHugh billed 2 hours in 2015 for time spent researching seizures and vaccines, and 7 hours in 2017 for researching prehearing trial submissions.  Ex. 21, at 1, 5.  The full amount of this time should not be compensated as "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."  Matthews v. Sec'y of HHS, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task."  Carter v. Sec'y of HHS, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).  Mr. McHugh has over 48 years of experience and this is not his first case in the Vaccine Program.  Therefore, the undersigned finds the total 9 hours of research is not compensable and the nonpayment results in a **further deduction of $3,810.00.**

### b.  Excessive and Block Billing

Respondent  does not raise any specific objections to the number of hours petitioners' counsel spent working on this case.  The undersigned has reviewed petitioners' attorneys' billing entries and finds several entries show hours that are excessive for the task described. For example, petitioners seek 1.5 hours for Mr. McHugh to send the petition, medical records, and Dr. Kinsbourne's report to Dr. Yudkof (Ex. 21, at 2, 3/2/2016); 2.25 hours to download medical articles from Dr. Kinsbourne's report (Id. at 3, entry dated 8/8/2016); 1 hour to forward medical articles to Dr. Kinsbourne (Id. at 5, entry dated 3/29/2017); and 5 hours to file medical records from Perkins School for the Blind (Id., entry dated 7/18/2017).  Most attorneys could perform each of these tasks in 0.10 to 0.25 hours.  The medical records from Perkins School for the Blind were filed on July 17, not 18, 2017 with a total of 110 pages.

Additionally, the billing records contain numerous entries which constitute block billing, where Mr. McHugh has billed for multiple tasks in a single entry.  This type of "block billing" is not appropriate in vaccine cases.  Barry v. Sec'y of HHS, No. 12-39V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016).  An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine whether the amount requested is reasonable.  Rodriguez v. Sec'y of HHS, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. Oct. 25, 2016).  Because it is counsel's burden to document the fees claimed, the undersigned will not compensate the time billed for the entire billing entry.  Id.

In many instances, Mr. McHugh billed large amounts of time without sufficient detail as to how long each task was performed and made it impossible for the undersigned to

determine reasonableness of those activities.  For example, on April, 7, 2016, Mr. McHugh billed 5 hours for preparing a file on medical documents for petitioners' life care planner; reviewing and copying the file for the life care planner; and having a telephonic conference with petitioners.  Ex. 21, at 2.  On July 22, 2016, Mr. McHugh billed another 5 hours for receiving and reviewing a life care plan report; reviewing the out-of-pocket expenses in the report; and having a telephonic conference with the life care planner.  Id. at 3.  Six days later, Mr. McHugh billed 4 hours for receiving, reviewing, and revising the life care plan report and having three telephonic conferences.  Id.  On July 3, 2017, Mr. McHugh indicates that he spent 8.25 hours serving subpoenas; receiving, reviewing, and sending respondent's medical literature to Dr. Kinsbourne; and having a telephonic conference with Dr. Kinsbourne.  Id. at 5.

Due to excessive and block billing, the undersigned reduces petitioners' entire fee award by 20 percent.  See Willett v. Sec'y of HHS, No. 15-252V, 2017 WL 3298983, at *4 (Fed. Cl. Spec. Mstr. June 2, 2017) (reducing fee award by 20 percent); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323, at *18 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing fee award by 20 percent); see also Wasson v. Sec'y of HHS, 24 Cl. Ct. 482, 484 (Fed. Cl. 1991) (a line-by-line evaluation is not required in determining a reasonable number of hours expended), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  This adjustment results in a **further deduction of $16,539.56.**

### B.  Reasonable Attorneys' Costs

Attorneys' costs must be reasonable as well.  See Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.  Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").

### 1.  Expert Fees

Petitioners ask for $25,690.00 in costs for the time that their expert, Dr. Kinsbourne, spent working on the case.  Dr. Kinsbourne spent 51.38 hours on the case, and charged a rate of $500.00 an hour.  Dr. Kinsbourne wrote two expert reports, reviewed C.K.'s lengthy medical records, reviewed the expert report of respondent's expert, and testified at the entitlement hearing.  Dr. Kinsbourne is a reputable doctor who is experienced in the Vaccine Program.  Therefore, the undersigned finds that both the number of hours Dr. Kinsbourne spent on the case and Dr. Kinsbourne's hourly rate are reasonable.

### 2.  Costs for Life Care Planner

Petitioners seek $9,855.00 in costs for their life care planner in this case.  Petitioners' life care planner billed 39.42 hours of work at a rate of $250.00.  The undersigned finds the costs for petitioners' life care planner are reasonable.

## CONCLUSION

The undersigned finds an award of interim attorneys' fees and costs appropriate.  She also finds that the majority of petitioners' interim attorneys' fees and costs request is reasonable. **Accordingly, the court awards:**

a.  **$116,315.74**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioners and The Law Office of John McHugh in the amount of **$116,315.74**; and

b.  **$987.64**, representing petitioners' personal costs.  The award shall be in the form of a check made payable to petitioners for **$987.64**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>October 30, 2017</u>                              <u>/s/ Laura D. Millman</u>
                                                            Laura D. Millman
                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.