# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1016V
Filed: May 29, 2019
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARYELLEN KOTTENSTETTE and NICHOLAS KOTTENSTETTE, as best friends of their daughter (CK) | \* \* \* \* |
| Petitioners, | \* \* |
| v. | \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* |
| Respondent. | \* \* |

Damages decision based on proffer

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>John F. McHugh</u>, New York, NY, for petitioner.
<u>Camille Collett</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On September 11, 2015, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus B influenza ("HiB"), inactivated polio vaccine ("IPV"), and pneumococcal ("Prevnar") vaccines administered to their daughter CK on October 2, 2012,

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

caused her a Table encephalopathy or, in the alternative, a non-Table encephalopathy, and infantile spasms.  On December 12, 2017, the undersigned ruled for petitioners on entitlement.

On May 29, 2019, respondent filed Respondent's Proffer on Award of Compensation.  The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the undersigned awards the following:

a. a lump sum payment of **$1,046,521.75**, representing trust seed funds consisting of the present year cost of compensation for residential facility expenses in Compensation Year 2077 through Compensation Year 2081 ($939,875.00) and life care expenses in the first year after judgment ($106,646.75), in the form of a check payable to Regions Bank, as Trustee of the Grantor Reversionary Trust established for the benefit of CK, as set forth in the attached Appendix A;
b. a lump sum payment of **$1,132,020.68**, representing compensation for lost future earnings ($882,020.68) and pain and suffering ($250,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of CK, for the benefit of CK, in accordance with the terms set out in the attached proffer;
c. a lump sum payment of **$12,698.57**, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Maryellen Kottenstette and Nicholas Kottenstette;
d. a lump sum payment of **$15,528.38**, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, payable jointly to petitioners and
Commonwealth of Massachusetts – CRU
COMMONWEALTH OF MA
Casualty Recovery
P.O. Box 417811
Boston, MA 02241-7811
Attn: Alicia Villagran
SSN: XXXXX9919
e. an amount sufficient to purchase the annuity contract described in section E of the attached proffer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**


Dated:  May 29, 2019                                        /s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                            )
MARYELLEN KOTTENSTETTE and                  )
NICHOLAS KOTTENSTETTE as best               )
friends of their daughter (CK),             )
                                            )
       Petitioners,              )
                                            )
  v.                                        )   No. 15-1016V
                                            )   Special Master Millman
SECRETARY OF THE DEPARTMENT OF              )
HEALTH AND HUMAN SERVICES,                  )
                                            )
       Respondent.               )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**  **Items of Compensation**

    A.  Life Care Items

The respondent engaged life care planner, Laura Fox, MSN, BSN, RN, CDDN, CLCP, and petitioners engaged Bala Care Nursing Solutions, to provide an estimation of CK's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's Ruling on Entitlement, filed December 12, 2017. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for CK, attached hereto as Tab A.[1]

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

Respondent proffers that CK should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2]  Petitioners agree.

      B.      Lost Future Earnings

The parties agree that based upon the evidence of record, CK will not be gainfully employed in the future.  Therefore, respondent proffers that CK should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Respondent proffers that the appropriate award for CK's lost future earnings is $882,020.68.  Petitioners agree.

      C.      Pain and Suffering

Respondent proffers that CK should be awarded $250,000.00 in actual pain and suffering.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioners agree.

      D.      Past Unreimbursable Expenses

Evidence supplied by petitioners document their expenditure of past unreimbursable expenses related to CK's vaccine-related injury.  Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $12,698.57.  Petitioners agree.

      E.      Medicaid Lien

Respondent proffers that CK should be awarded funds to satisfy a Commonwealth of Massachusetts lien in the amount of $15,528.38, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Massachusetts

---

[2] The parties have no objection to the proffered award of damages.  Assuming the Special Master issues a damages decision in conformity with this proffer, the parties intend to waive their right to seek review of such damages decision, recognizing that respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's December 12, 2017, decision finding CK entitled to an award under the Vaccine Act.  This right accrues following entry of judgment.

may have against any individual as a result of any Medicaid payments the Commonwealth of Massachusetts has made to or on behalf of CK from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 2, 2012, under Title XIX of the Social Security Act.

## II.     Form of the Award

The parties recommend that the compensation provided to CK should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of $1,046,521.75, representing trust seed funds consisting of the present year cost of compensation for residential facility expenses in Compensation Year 2077 through Compensation Year 2081 ($939,875.00) and life care expenses in the first year after judgment ($106,646.75), in the form of a check payable to Regions Bank, as Trustee of the Grantor Reversionary Trust established for the benefit of CK, as set forth in Appendix A: Items of Compensation for CK;

B.  A lump sum payment of $1,132,020.68, representing compensation for lost future earnings ($882,020.68) and pain and suffering ($250,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of CK, for the benefit of CK.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of CK's estate.  If petitioners are not authorized by a

---

[3]  Should CK die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of CK, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of CK upon submission of written documentation of such appointment to the Secretary.

    C.  A lump sum payment of $12,698.57, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Maryellen Kottenstette and Nicholas Kottenstette.

    D.  A lump sum payment of $15,528.38 representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, payable jointly to petitioners and

>Commonwealth of Massachusetts – CRU
>COMMONWEALTH OF MA
>Casualty Recovery
>P.O. Box 417811
>Boston, MA 02241-7811
>Attn: Alicia Villagran
>SSN: XXXXX9919

Petitioners agree to endorse this payment to the Commonwealth of Massachusetts.

    E.  An amount sufficient to purchase the annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[5] from

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. CK Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to the trustee only so long as CK is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to the trustee in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to the trustee and do not require that the payment be made in one annual installment.

### 1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioners agree.

---

      c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

### 2. Life-Contingent Annuity

The trustee will continue to receive the annuity payments from the Life Insurance Company only so long as CK is alive at the time that a particular payment is due. Written notice shall be provided to the trustee and the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of CK's death.

### 3. Guardianship

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of CK's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of CK, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of CK upon submission of written documentation of such appointment to the Secretary.

**III. Summary of Recommended Payments Following Judgment**

| | | |
|---|---|---:|
| A. | Lump Sum paid to Regions Bank, as Trustee of the Grantor Reversionary Trust for the benefit of CK: | **$1,046,521.75** |
| B. | Lump Sum paid to the court-appointed guardian(s)/ conservator(s) of the estate of CK for the benefit of CK: | **$1,132,020.68** |
| C. | Past unreimbursable expenses payable to petitioners: | **$ 12,698.57** |
| D. | Medicaid Lien: | **$ 15,528.38** |
| E. | An amount sufficient to purchase the annuity contract described above in section II. E. | |

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Camille M. Collett*
CAMILLE M. COLLETT
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4098

Dated: 5/29/2019

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-6 | Compensation Year 7 | Compensation Year 8 | Compensation Years 9-10 | Compensation Year 11 | Compensation Years 12-15 | Compensation Years 16-19 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2019 | 2020-2024 | 2025 | 2026 | 2027-2028 | 2029 | 2030-2033 | 2034-2037 |
| Preferred Blue MOP | 5% | | | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 | 3,000.00 |
| Preferred Blue Rx MOP | 5% | | | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 |
| Insurance Premium | 5% | | | | | | | | | | |
| Medicare Premium | 5% | | | | | | | | | | |
| Medicare Deductible | 5% | * | | | | | | | | | |
| Medigap | 5% | | | | | | | | | | |
| Medicare Part D | 5% | | | | | | | | | | |
| Specialist Care | 5% | * | | | | | | | | | |
| Diagnostic Studies | 5% | * | | | | | | | | | |
| ABA Therapy | 4% | * | | | | | | | | | |
| Case Mngt | 4% | | | 3,288.00 | 3,288.00 | 3,288.00 | 3,288.00 | 3,288.00 | 3,288.00 | 3,288.00 | 1,644.00 |
| Keppra | 5% | * | | | | | | | | | |
| Onfi | 5% | * | | | | | | | | | |
| Diazepam | 5% | * | | | | | | | | | |
| Sabril | 5% | * | | | | | | | | | |
| Vit B6 | 4% | * | | | | | | | | | |
| Formula | 4% | * | | | | | | | | | |
| Ensure | 4% | * | | | | | | | | | |
| Briefs | 4% | | | 1,368.75 | 1,368.75 | 1,368.75 | 1,368.75 | 1,368.75 | 1,368.75 | 1,368.75 | 1,368.75 |
| Gloves | 4% | | | 131.00 | 131.00 | 131.00 | 131.00 | 131.00 | 131.00 | 131.00 | 131.00 |
| Wipes | 4% | | | 357.00 | 357.00 | 357.00 | 357.00 | 357.00 | 357.00 | 357.00 | 357.00 |
| Bed Underpads | 4% | | | 161.00 | 161.00 | 161.00 | 161.00 | 161.00 | 161.00 | 161.00 | 161.00 |
| Soft Helmet | 4% | | | 126.00 | 126.00 | 63.00 | 63.00 | 63.00 | 63.00 | 63.00 | 63.00 |
| Hospital Bed | 4% | * | | | | | | | | | |
| Padding for Bed Rails etc | 4% | | | | | | 130.00 | 43.33 | 43.33 | 43.33 | 43.33 |
| Manual WC | 4% | * | | | | | | | | | |
| Maint for Bed | 4% | * | | | | | | | | | |
| WC Maint | 4% | | | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Van Conversion | 4% | | | 22,477.00 | | | | | 22,477.00 | | |
| Van Maint | 4% | | | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 |
| Home Mods | 0% | | | 15,000.00 | | | | | | | |

Appendix A:  Items of Compensation for CK                                      Page 2 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-6 | Compensation Year 7 | Compensation Year 8 | Compensation Years 9-10 | Compensation Year 11 | Compensation Years 12-15 | Compensation Years 16-19 |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2019 | 2020-2024 | 2025 | 2026 | 2027-2028 | 2029 | 2030-2033 | 2034-2037 |
| Adult Day Program | 4% |  |  |  |  |  |  |  |  |  | 27,750.00 |
| Attendant Care | 4% |  |  | 59,088.00 | 59,088.00 | 59,088.00 | 59,088.00 | 59,088.00 | 59,088.00 | 59,088.00 | 73,200.00 |
| Trust Seed/ Residential Care | 4% |  |  | 939,875.00 |  |  |  |  |  |  |  |
| Lost Future Earnings |  |  |  | 882,020.68 |  |  |  |  |  |  |  |
| Pain and Suffering |  |  |  | 250,000.00 |  |  |  |  |  |  |  |
| Past Unreimbursable Expenses |  |  |  | 12,698.57 |  |  |  |  |  |  |  |
| MA Medicaid Lien |  |  |  | 15,528.38 |  |  |  |  |  |  |  |
| Annual Totals |  |  |  | 2,206,769.38 | 69,169.75 | 69,106.75 | 69,236.75 | 69,150.08 | 91,627.08 | 69,150.08 | 109,368.08 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to Regions Bank, Trustee of the Grantor Reversionary Trust established for the benefit of CK for trust seed funds ($939,875.00) and Year 1 life care expenses ($106,646.75): $1,046,521.75.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/ conservator(s) of CK for lost future earnings ($882,020.68) and pain and suffering ($250,000.00): $1,132,020.68.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Maryellen Kottenstette and Nicholas Kottenstette, as reimbursement for past unreimbursable expenses: $12,698.57.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioners and the Commonwealth of Massachusetts, as reimbursement of the Commonwealth's Medicaid lien: $15,528.38.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 20 2038 | Compensation Year 21 2039 | Compensation Years 22-23 2040-2041 | Compensation Years 24-29 2042-2047 | Compensation Years 30-58 2048-2076 | Compensation Years 59-63 2077-2081 | Compensation Years 64-Life 2082-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| Preferred Blue MOP | 5% | | | 3,000.00 | 3,000.00 | 3,000.00 | | | | |
| Preferred Blue Rx MOP | 5% | | | 1,000.00 | 1,000.00 | 1,000.00 | | | | |
| Insurance Premium | 5% | | | 3,074.24 | 3,074.24 | 3,074.24 | | | | |
| Medicare Premium | 5% | | | | | | 1,626.00 | 1,626.00 | 1,626.00 | 1,626.00 |
| Medicare Deductible | 5% | * | | | | | | | | |
| Medigap | 5% | | | | | | 2,372.88 | 2,372.88 | 2,372.88 | 2,372.88 |
| Medicare Part D | 5% | | | | | | 1,399.44 | 1,399.44 | 1,399.44 | 1,399.44 |
| Specialist Care | 5% | * | | | | | | | | |
| Diagnostic Studies | 5% | * | | | | | | | | |
| ABA Therapy | 4% | * | | | | | | | | |
| Case Mngt | 4% | | | 1,644.00 | 1,644.00 | 1,644.00 | 1,644.00 | | | |
| Keppra | 5% | * | | | | | | | | |
| Onfi | 5% | * | | | | | | | | |
| Diazepam | 5% | * | | | | | | | | |
| Sabril | 5% | * | | | | | | | | |
| Vit B6 | 4% | * | | | | | 99.00 | 99.00 | 99.00 | 99.00 |
| Formula | 4% | * | | | | | | | | |
| Ensure | 4% | * | | | | | 3,650.00 | 3,650.00 | 3,650.00 | 3,650.00 |
| Briefs | 4% | | | 1,368.75 | 1,368.75 | 1,368.75 | 1,368.75 | 1,368.75 | 1,368.75 | 1,368.75 |
| Gloves | 4% | | | 131.00 | 131.00 | 131.00 | 131.00 | | | |
| Wipes | 4% | | | 357.00 | 357.00 | 357.00 | 357.00 | | | |
| Bed Underpads | 4% | | | 161.00 | 161.00 | 161.00 | 161.00 | 161.00 | 161.00 | 161.00 |
| Soft Helmet | 4% | | | 63.00 | 63.00 | 63.00 | 63.00 | 63.00 | 63.00 | 63.00 |
| Hospital Bed | 4% | * | | | | | | | | |
| Padding for Bed Rails etc | 4% | | | 43.33 | 43.33 | 43.33 | 43.33 | | | |
| Manual WC | 4% | * | | | | | | | | |
| Maint for Bed | 4% | * | | | | | | | | |
| WC Maint | 4% | | | 200.00 | 200.00 | 200.00 | | | | |
| Van Conversion | 4% | | | | 22,477.00 | | | | | |
| Van Maint | 4% | | | 450.00 | 450.00 | 450.00 | 450.00 | | | |
| Home Mods | 0% | | | | | | | | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 20 | Compensation Year 21 | Compensation Years 22-23 | Compensation Years 24-29 | Compensation Years 30-58 | Compensation Years 59-63 | Compensation Years 64-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2038 | 2039 | 2040-2041 | 2042-2047 | 2048-2076 | 2077-2081 | 2082-Life |
| Adult Day Program | 4% | | | 27,750.00 | 27,750.00 | 27,750.00 | 27,750.00 | | | |
| Attendant Care | 4% | | | 73,200.00 | 73,200.00 | 73,200.00 | 73,200.00 | | | |
| Trust Seed/ Residential Care | 4% | | | | | | | 187,975.00 | - | 187,975.00 |
| Lost Future Earnings | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | | |
| MA Medicaid Lien | | | | | | | | | | |
| Annual Totals | | | | 112,442.32 | 134,919.32 | 112,442.32 | 114,315.40 | 198,715.07 | 10,740.07 | 198,715.07 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to Regions Bank, Trustee of the Grantor Reversionary Trust established for the benefit of CK for trust seed funds ($939,875.00) and Year 1 life care expenses ($106,646.75): $1,046,521.75.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed guardian(s)/ conservator(s) of CK for lost future earnings ($882,020.68) and pain and suffering ($250,000.00): $1,132,020.68.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners, Maryellen Kottenstette and Nicholas Kottenstette, as reimbursement for past unreimbursable expenses: $12,698.57.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioners and the Commonwealth of Massachusetts, as reimbursement of the Commonwealth's Medicaid lien: $15,528.38.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.