# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1016V
**Filed: October 11, 2019**
UNPUBLISHED

| | |
|---|---|
| MARYELLEN KOTTENSTETTE and NICHOLAS KOTTENSTETTE, as best friends of their daughter (CK),<br><br>                    Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs Decision; Reasonable Hourly Rate; Excessive Billing |

*John F. McHugh*, New York, NY, for petitioners.
*Camille M. Collett*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

After respondent moved for review of Special Master Millman's ruling that petitioners are entitled to compensation, petitioners filed a second motion for interim attorneys' fees and costs on August 9, 2019, seeking an award of $74,844.10[2] for interim attorneys' fees and costs incurred from September 1, 2017 to August 9, 2019. (ECF No. 111.)  For the reasons discussed below, I award petitioners $57,222.29.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Petitioners' application requested $59,298.15 in attorneys' fees, $187.50 in paralegal fees, and $15,545.95 in attorneys' costs.  (ECF No. 111, p. 1.)  However, upon review of the billing records, $187.50 in paralegal fees were already included as part of the $59,298.15 in attorneys' fees.  (ECF No. 111, Ex. 1, p. 4.)  Accordingly, the total requested interim attorneys' fees and costs is $74,844.10.

## I.   PROCEDURAL HISTORY

On September 11, 2015, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilia B influenza ("HiB"), inactivated polio vaccine ("IPV"), and pneumococcal ("Prevnar") vaccines administered to their daughter C.K. on October 2, 2012, caused her to suffer a Table encephalopathy or, in the alternative, a non-Table encephalopathy and infantile spasms.

After an entitlement hearing was held, petitioners filed their first application for interim attorneys' fees and costs on October 11, 2017, seeking interim attorneys' fees and costs through August 1, 2017.  (ECF No. 68.)  On October 30, 2017, Special Master Millman found an award of interim attorneys' fees and costs reasonable and awarded petitioners $117,303.38 in interim attorneys' fees and costs.

Subsequently, On December 12, 2017, Special Master Millman ruled for petitioners on entitlement.  (ECF No. 78.)  On May 29, 2019, respondent filed Respondent's Proffer on Award of Compensation, which Special Master Millman found reasonable and adopted in her Decision Awarding Damages.  (ECF Nos. 100, 101.)

On June 6, 2019, this case was reassigned to me.  (ECF No. 104.)  Subsequently, on June 28, 2019, respondent filed a Motion for Review of the Ruling on Entitlement.  (ECF No. 107.)  The case was assigned to Senior Judge Firestone.  (ECF No. 109.)

On August 9, 2019, petitioners filed a second application for interim attorneys' fees and costs accrued during the period of September 1, 2017 to August 9, 2019.  (ECF No. 111.)  Petitioners represented that due to the ongoing litigation concerning respondent's motion for review, "vendors are insisting on payment" and "this interim fee application is needed to pay services used in the settlement process and rendered to respond to the motion."  (*Id.* at 2.)

On August 22, 2019, respondent filed a response to petitioners' application for interim attorneys' fees and costs.  (ECF No. 113.)  "Respondent defers to the Special Master to determine whether or not petitioners have met the legal standard for an interim fees and costs award, as set forth in *Avera*."[3]  (ECF No. 113, p. 2 (citations omitted).)  Respondent requested the special master exercise his discretion to determine a reasonable award for interim attorneys' fees and costs should the special master conclude that such award is appropriate.  (*Id.* at 3.)

On August 23, 2019, Senior Judge Firestone directed the clerk to forward petitioners' application for fees and expenses along with the response to the special master for a decision pursuant to Vaccine Rule 13(b).  (ECF No. 114.)

This matter is now ripe for consideration.

---

[3] Referencing *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008).

## II.   DISCUSSION

### A. Entitlement to Fees Under the Vaccine Act

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

#### a. Interim Fee Awards are Appropriate Under the Vaccine Act

The Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Services*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id.* In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

#### b. Interim Fees are Appropriate in this Case

Special Master Millman previously found that petitioners had reasonable basis to bring their petition and the petition was brought in good faith. Special Master Millman granted petitioners' first application for interim attorneys' fees and costs, finding an interim award appropriate "because waiting for the conclusion of the case would place an undue hardship on petitioners." *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017). I agree with Special Master Millman's assessment. Moreover, upon my own review of the record, nothing in the subsequent history of this case suggests that reasonable basis or good faith ever came into doubt. Indeed, petitioners prevailed on entitlement before Special Master Millman shortly after petitioners' first application for interim attorneys' fees and costs.

Additionally, petitioners' second application for interim attorney's fees and costs reflects fees and costs incurred during a separate phase of this litigation, wherein the parties engaged expert life care planners over a period of a year and a half as they sought to resolve the appropriate amount of compensation in this case. Regardless of outcome, respondent's currently pending motion for review, which seeks review of the entitlement ruling, inevitably adds an indefinite period of further litigation before

complete resolution of this case.[4]  Thus, although successive motions for awards of interim fees are disfavored, I find a second interim award is reasonable in this case.

### B. Reasonableness of Requested Attorneys' Fees and Costs

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Avera*, 515 F.3d at 1348.

#### a. Reasonable Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'"  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Furthermore, a special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

##### i. Hourly Rates

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Avera*, 515 F.3d at 1348 (citation and quotation omitted).  In *Avera*, the Federal Circuit found that in Vaccine Act cases, the special master should use the rate prevailing in the forum, *i.e.*, Washington, D.C., in determining an award of attorneys' fees unless the bulk of the work is completed outside of the forum and there is a "very significant difference" between the forum hourly rate and the local hourly rate.  515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency,* 169 F.3d 755 (D.C. Cir. 1999)).

---

[4] Notably, on October 7, 2019, Judge Firestone ordered the parties to show cause why the case should not be stayed pending a potentially relevant decision by the Federal Circuit.  (ECF No. 115.)

The decision in *McCulloch* provided a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[5]

In this case, Special Master Millman previously determined Mr. McHugh's hourly rate to be $430 for 2017, despite petitioners' request for $445 per hour for 2017. *Kottenstette*, No. 15-1016V, 2017 WL 5662780, at *4. Special Master Millman set this hourly rate in conformance with the 2017 forum rate range for attorneys with more than 31 years of experience. Notably, however, Special Master Millman did not award Mr. McHugh the top rate. Citing *Hirmiz v. Secretary of Health & Human Services,* No. 06-371, 2017 WL 4277433 (Fed. Cl. Spec. Mstr. Aug. 29, 2017), she explained that Mr. McHugh's experience and competence are not significantly greater than they have previously been, and thus did not warrant a higher rate.

Consistent with Special Master Millman's prior decision, Mr. McHugh continues to request a rate of $430 per hour for 2017. Moreover, notwithstanding petitioners' request in their application for an hourly rate of $445 for 2018, Mr. McHugh submitted billing records that reflect a rate of $430 for work performed in 2018. Accordingly, although I am awarding the full amount of the interim attorneys' fees requested for 2017 and 2018, I am not reaching the question of whether the requested rate for 2018 is reasonable since Mr. McHugh has not actually billed at that rate.

The rate Mr. McHugh is requesting for 2019, however, is excessive. Mr. McHugh seeks $465 per hour, whereas the Fee Schedule for 2019 suggests a maximum rate of $464 per hour for attorneys with Mr. McHugh's level of experience. Moreover, Special Master Millman deliberately *declined* to award maximum 2017 rates to Mr. McHugh on his prior motion for interim fees based on his experience and competency.

Upon my own review of the docket, I see nothing that would suggest that Mr. McHugh's rates should be substantially increased over the previously awarded rates in this case or that counsel's experience and competency have significantly changed over the remaining course of the case. Petitioners' only argument for why counsel's rates should be increased over the previously accepted 2017 rate is citation to the updated fee schedule for 2019. By applying the same growth rate utilized by the Office of Special Masters fee schedules (*i.e.* the PPI-OL) to Mr. McHugh's 2017 rate, I find that an appropriate rate for 2019 is $454 per hour.

---

[5] Each of the Fee Schedules for 2015 through 2019 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, and 2019 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

### ii.  Hours Expended

Special masters may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part¸* 988 F.2d 131 (Fed. Cir. 1993).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  *Saxton*, 3 F.3d at 1521.  For example, special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing*.  See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

After reviewing the billing records, I find the hours billed for work performed in 2017 and 2018 to be reasonable.  However, I find the hours Mr. McHugh billed for working on petitioners' response to respondent's motion for review excessive.  This work was performed in June and July of 2019.

Mr. McHugh has a history of overbilling for written briefing.  For example, in *R.K.*, Mr. McHugh billed 153.5 hours working on petitioner's motion for review which resulted in a 66-page motion.  *R.K. v. Sec'y of Health & Human Servs.*, No. 03-632V, slip op. (Fed. Cl. Spec. Mstr. Aug. 31, 2017).[6]  The special master in that case found the requested hours excessive and reduced Mr. McHugh's requested hours for the motion by 50%, noting that Mr. McHugh should have mastered the facts and arguments of the case during the preceding litigation and citing to other cases with similarly complicated histories where a motion for review was pursued with substantially fewer hours billed.[7]  *Id.* at 10 (citing *Caves v. Sec'y of Health & Human Servs.*, No. 07-443V, 2012 WL 6951286 (Fed. Cl. Spec. Mstr. Dec. 20, 2012) (noting that a 30-page motion for review was completed in 49.8 attorney hours); *Morse v. Sec'y of Health & Human Servs.*, 93 Fed. Cl. 780 (2010) (noting that a survey of fee awards for motions for review showed billings of between 6.25 and 80 hours per instance); *Doe v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661 (2009) (finding 160.2 hours of attorney work reasonable for persecuting two motions for review)).  In *Mostovoy*, the special master noted that Mr. McHugh's billing records included excessive time devoted to unspecified motions and reduced his fees for what was determined to be vague and excessive block billing.  *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5-6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

---

[6] https://cofc-ecf.sso.dcn/cgi-bin/show_public_doc?2003vv0632-377-0.

[7] In *R.K.*, the special master also found significant that "the final work product was very poor" and included previously addressed allegations and extensive use of block quotes of expert reports.  *R.K.*, No. 03-632V, slip op. at 11.

Here, Mr. McHugh billed 68.1 hours working on petitioners' motion response, which resulted in a 23-page document. Notably, Mr. McHugh had already billed over 30 hours for the drafting of post-hearing briefs and more than eight hours of the time billed for petitioners' response to respondent's motion for review were dedicated to reviewing those prior submissions. Given Mr. McHugh's experience and familiarity with this case, and with the Vaccine program overall, I find the hours billed for the preparation of petitioners' response to respondent's motion for review excessive and reduce the requested hours by 50%. This results in a reduction of 34.05 hours from the interim attorneys' fees application. Accordingly, Mr. McHugh's award is based on 48.96 hours of work performed in 2019.

### b. Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Petitioners requested $15,545.95 in interim attorneys' costs for work performed by petitioners' life care planner, Paramount Solutions, Inc. and petitioners' expert, Dr. Marcel Kinsbourne. Upon review of the submitted documentation, I find that the requested costs are reasonable except for the costs expended seeking consultation from Dr. Kinbourne in drafting petitioners' response to respondent's motion for review.

Petitioners' represented that "Dr. Kinsbourne was consulted with regard to the motion for review due to his long experience with this program and with the medical issues in question in this case." (ECF No. 111, p. 3.) However, upon my review of petitioners' response to respondent's motion for review, the content of the brief appears to be legal in nature. Although the record evidence is marshalled, it is discussed in relation to this Program's standards of adjudication and prior caselaw, which is the purview of petitioners' counsel, not Dr. Kinsbourne. It is not apparent on the face of petitioners' response how or why Dr. Kinsbourne's participation would have been reasonable. Moreover, Dr. Kinsbourne's bill reflects that he was called upon to do "research." (ECF No. 111, Ex. 2, p. 9.) However, it would not normally be appropriate for petitioners to introduce new expert evidence in response to a motion for review and petitioners have not provided any explanation for why this motion might otherwise warrant such research. Accordingly, I do not find the expenditure on expert research to be reasonable. A **reduction of $1,250** from the interim attorneys' costs award results.

### III. CONCLUSION

In light of the above, petitioners' second application for interim attorneys' fees and costs is **GRANTED** with reductions as follows:

|  | **Requested** | **Awarded** |
|---|---|---|

7

| | | |
|---|---|---|
| Interim Attorneys' Fees for 2017 | $15,257.83 | $15,257.83 |
| Interim Attorneys' Fees for 2018 | $5,253.17 | $5,253.17 |
| Interim Attorneys' Fees for 2019 | $38,599.65 | $22,227.84[8] |
| Interim Paralegal Fees for 2019 | $187.50 | $187.50 |
| **Total Interim Attorneys' Fees** | **$59,298.15** | **$42,926.34** |
| | | |
| **Total Interim Attorneys' Costs** | **$15,545.95** | **$14,295.95** |
| | | |
| **Total Interim Attorneys' Fees and Costs** | **$74,844.10** | **$57,222.29** |

Accordingly, petitioners are awarded **$57,222.29**, representing $42,926.34 in attorneys' fees and $14,295.95 in attorneys' costs, in the form of a check made payable jointly to petitioners and John McHugh, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[9]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u><br>
Daniel T. Horner<br>
Special Master

---

[8] As explained above, for work performed in 2019, Mr. McHugh is awarded 48.96 hours at $454 an hour, totaling $22,227.84, a reduction of $16,371.81.

[9] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).