# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1016V
Filed: October 26, 2020
UNPUBLISHED

|  |  |
|---|---|
| MARYELLEN KOTTENSTETTE and NICHOLAS KOTTENSTETTE, as best friends of their daughter (CK),<br><br>      Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs Decision; Undue Hardship |

*John F. McHugh*, Law Office of John McHugh, New York, NY, for petitioners.
*Camille M. Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION DENYING INTERIM ATTORNEYS' FEES AND COSTS**[1]

  On October 9, 2020, petitioners moved for a third award of interim attorneys' fees and costs. (ECF No. 150.) Petitioners seek $67,840.40 for attorney's fees incurred from August 1, 2019 through July 31, 2020 and $4,325.00 for the fees of Dr. Marcel Kinsbourne. (*Id.* at 1.) Petitioners further indicate that "[t]his application begins with the motion for review filed by respondent through the decision sustaining the decision on remand. A notice of appeal has been filed but no work on the appeal is within this application."[2] (*Id.*)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] This characterization of petitioners' third motion for interim attorneys' fees and costs is not strictly accurate. Petitioners' second interim fee request, discussed below, included billing for petitioners' response to respondent's motion for review, which was awarded in a reduced amount. Billing filed with this third motion begins several months later with work performed in response to Judge Firestone's issuance in October of 2019 of an order to show cause why the case should not be stayed.

Although attorneys' fees and costs are generally payable at the conclusion of an action, the Federal Circuit has concluded that interim fee awards are also permissible and appropriate under the Vaccine Act upon a showing of undue hardship.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010) (noting that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees.").  In *Avera v. Secretary of Health & Human Services*, the Federal Circuit explained that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d 1343, 1352 (Fed. Cir. 2008).  In denying an interim fee award, the *Avera* court reasoned that "[t]he amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal."  *Id.*

In this case, petitioners have already received two awards of interim attorneys' fees and costs totaling $174, 525.67.  On November 30, 2017, petitioners were awarded $117,303.38 by Special Master Millman.  (ECF Nos. 71, 75.)  This amount included petitioners' own personal costs as well as attorneys' fees and costs inclusive of work performed through the entitlement hearing and some life care planning expenses.  (ECF No. 71.)  Subsequently, after respondent filed his motion for review, petitioners filed a second motion for interim attorneys' fees and costs on August 9, 2019, which I granted.[3]  (ECF Nos. 111, 116.)  Petitioners were awarded an additional $57,222.29 relating to fees and costs pertaining to work performed through the damages phase of this case as well as completion of petitioner's response to respondent's motion for review.  (ECF No. 119.)

The prior awards cover all fees and costs incurred through August 9, 2019, a little over one year ago.  They also include the vast majority of expert costs incurred to date.  Moreover, the Federal Circuit in *Avera* indicated that a delay pending appeal is not enough standing alone to constitute an undue hardship.  *Avera*, 515 F.3d at 1352.  Accordingly, upon my review of petitioners' motion, a third award of interim fees and costs is not appropriate as they have not shown undue hardship consistent with the above-cited caselaw.  Therefore, petitioners' motion for interim attorneys' fees and costs is **DENIED**.[4]

**IT IS SO ORDERED.**

                                                    **s/Daniel T. Horner**
                                                    Daniel T. Horner
                                                    Special Master

---

[3] I noted in my decision that, although successive motions for interim fees and costs are disfavored, the damages phase of this case involved life care planning expenses and was itself an extended period of litigation.  (ECF No. 116, pp. 3-4.)  I also noted that at the time of the decision there was a pending order to show cause why the case should not be stayed.  (*Id.* at n.4.)

[4] In the absence of a timely-filed motion for review of this Decision, the Clerk of the Court shall enter judgment accordingly.