# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1016V
Filed: November 30, 2022
UNPUBLISHED

| | |
|---|---|
| MARYELLEN KOTTENSTETTE and NICHOLAS KOTTENSTETTE, as best friends of their daughter (CK), <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner <br><br> Attorneys' Fees and Costs |

*John F. McHugh*, New York, NY, for petitioners.
*Camille M. Collett*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING FINAL ATTORNEYS' FEES AND COSTS[1]

On September 11, 2015, petitioners, Maryellen and Nicholas Kottenstette, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012)[2], alleging that their minor daughter, C.K., suffered an encephalopathy following several vaccinations administered on October 2, 2012.  (ECF No. 1, pp. 1-2.)  A judgment in favor of petitioners ultimately issued on June 23, 2022.  (ECF No. 178.) Petitioners now seek an award of final attorneys' fees and costs totaling $160,682.93.[3]

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy.  If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

[3] Petitioner's motion requests $160,732.93, with $5,975.00 indicated for Dr. Kinsbourne's expert fees. However, this amount does not reflect the correct total in Dr. Kinsbourne's invoices filed at ECF Nos. 169-2 and 169-3.  (*See* ECF Nos. 169, 169-2, 169-3.)  Dr. Kinsbourne's invoices total $4,325.00 (ECF No.

For the reasons discussed below, petitioners are awarded final attorneys' fees and costs in the amount of $150,755.08.

## I.     Procedural History

As noted above, this action was initiated on September 11, 2015.  (ECF No. 1.)  It was initially assigned to Special Master Millman.  (ECF No. 6.)  An entitlement hearing was held on July 31, 2017.  Thereafter, petitioner moved for a first award of interim attorneys' fees and costs.  (ECF No. 68.)  Special Master Millman awarded $117,303.38 for attorneys' fees and costs incurred up to and including August 1, 2017.  (ECF No. 71, p. 1.)

Subsequently, Special Master Millman ruled that the petitioners are entitled to compensation and the case entered a damages phase of litigation.  (ECF No. 78.)  A decision awarding damages issued on May 29, 2019.  (ECF No. 102.)  Shortly thereafter the case was reassigned to the undersigned.  (ECF No. 103.)  However, respondent subsequently moved for review.  (ECF No. 107.)  While the motion for review was pending, petitioner moved for a second award of interim attorneys' fees and costs.  (ECF No. 111.)  On October 11, 2019, the undersigned issued a decision awarding a further $57,222.29 in interim attorneys' fees and costs for fees and costs incurred from September of 2017 until August 9, 2019.  (ECF No. 116.)

On February 12, 2020, the Court of Federal Claims granted respondent's motion for review, vacated the previously presiding special master's ruling, and remanded the case for further proceedings.  (ECF No. 130.)  A decision on remand was issued by the undersigned on June 2, 2020.  (ECF No. 139.)  That decision did not find in petitioners' favor and petitioners moved for review.  (ECF No. 140.)  The Court of Federal Claims denied this second motion for review (ECF No. 144); however, petitioner successfully appealed to the U.S. Court of Appeals for the Federal Circuit (ECF No. 155).  While the case was pending before the Federal Circuit, petitioners moved for a third award of interim attorneys' fees and costs on October 9, 2020.  (ECF No. 150.)  That motion, which sought reimbursement of fees and costs incurred from August 1, 2019 through July 31, 2020, was denied.  (ECF No. 152.)  Given the two prior interim awards, the undersigned concluded that there was no hardship present to warrant an interim award.  (*Id.*)

After the Federal Circuit issued its decision in this case, petitioners moved for an award of final attorneys' fees and costs.  Due to errors and omissions there are currently several motions pending.

Petitioners initially filed for final attorneys' fees and costs on June 16, 2021, seeking a total of $149,262.50.  (ECF No. 156.)  Respondent filed a response on June 30, 2021.  (ECF No. 157.)

---

169-2) and $1,600 (ECF 169-3) for a total of $5,925.00.  Therefore the correct total for attorney's fees and costs is $160,682.93.

Subsequently, petitioners filed a further motion on April 7, 2022. (ECF No. 166.) That motion sought to add further costs including $2,859.33 for Counsel Press and $17,946.30 for a Massachusetts Lien, bringing the total to $175,974.23. (*Id*. at 1.) However, the next day petitioner filed a motion to strike that motion, which was granted. (ECF No. 167.) Petitioner then filed a third motion on April 8, 2022. (ECF No. 168.) The April 8, 2022, motion sought a total of $158,027.93, removing the amount requested for the lien. (*Id*. at 2.) However, on April 19, 2022, petitioners filed a fourth motion. (ECF No. 169.) The April 19, 2022 motion adds a request for reimbursement of $2,705.00 in costs incurred when petitioners retained Laura LeRosa, Esq., to represent them in securing probate and family court. (*Id*. at 1-2.)

On April 20, 2022, petitioners filed a motion seeking, *inter alia*, to strike their April 8, 2022, motion for attorneys' fees and costs. (ECF No. 170.) Petitioners indicated that they wished to consolidate their request for attorneys' fees and costs within their later April 19, 2022 motion. (*Id*. at 1.) However, petitioners subsequently moved to strike their motion to strike. (ECF No. 172.) That motion was granted by the Court of Federal Claims on June 10, 2022. (ECF No. 175.) Petitioners never renewed their motion to strike the prior motion for attorneys' fees and costs.

In light of the above, three motions for final attorneys' fees and costs remain pending: the initial June 16, 2021 motion at ECF No. 156, the April 8, 2022 motion at ECF No. 168, and the April 19, 2022 motion at ECF No. 169. This decision will substantively address the attorneys' fees and costs requested within petitioners' final April 19, 2022, motion for attorneys' fees and costs at ECF No. 169. That motion requests an award for all fees and costs incurred from August 20, 2019, through the conclusion of the case. (ECF No. 169, p. 3.) Petitioners' prior motions at ECF Nos. 156 and 168 are deemed MOOT.

On May 5, 2022, respondent filed a response to petitioners' April 19, 2022, motion for attorneys' fees and costs, interpreting that motion as superseding the prior June 16, 2021, motion to which respondent had previously responded. (ECF No. 173.) Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." (*Id*. at 3.) Thus, petitioners' request for an award of final attorneys' fees and costs is ripe for resolution.

II. **Legal Standard**

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special Masters have "wide latitude in determining the

reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1347.

### III.   Analysis

Upon review of the billing records, I find no cause to reduce the number of hours billed by Mr. McHugh. However, the requested hourly rates are excessive. Petitioners request that Mr. McHugh be compensated at the following rates: $460 per hour for work performed in 2019; $475 per hour for work performed in 2020; and $490 per hour for work performed in 2021. (ECF No. 169, p. 3.) Petitioners stressed that these rates are below the maximum rates allowed under the Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedules despite Mr. McHugh having been in practice since 1968. (*Id*.) Petitioners determined these requested rates by taking the reduced hourly rates Special Master Millman previously awarded for prior years and successively raising each year's rate by $15, the same rate of increase applied by the special master within the first award of interim fees in this case. (*Id*.) Unaddressed by petitioners, however, is the fact that the undersigned previously awarded Mr. McHugh a rate of $454 per hour for work performed in 2019 in the second award of interim fees. (ECF No. 116, p. 5.) This is also consistent with what other special masters have awarded. *E.g. Larson v. Sec'y of Health & Human Servs.*, No. 16-633V, 2021 WL 4735871, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 4, 2021). Petitioners cite the good result for petitioners in this case as support for higher rates; however, both of the prior interim fee awards in this case have explained that Mr. McHugh's own experience, competence, and performance, do not warrant the highest available rates. (ECF No. 116, p. 5; ECF No. 71, p. 5.) Again, this is consistent with how other special masters have viewed Mr. McHugh's rates. *E.g. Larson, supra*; *see also Hirmiz v. Sec'y of Health & Human Servs.*, No. 06-371V, 2017 WL 4277433, at *5 (Fed. Cl. Spec. Mstr. Aug. 29, 2017); *O'Neal v. Sec'y of Health & Human Servs.*, No. 16-122V, 2021 WL 320616, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 5, 2021). Mr. McHugh has previously been awarded fees based on an hourly rate of $460 per hour for work performed in 2020. *Larson, supra*; *O'Neal supra*. I likewise find this to be an appropriate rate in this case. For work performed in 2021, I find that $482 per hour is reasonable, and I find that $497 per hour is reasonable for the work performed in 2022.[4]

Applying these reduced rates results in a total reduction in attorneys' fees of $4,002.85 as follows:

---

[4] Based on adjustments applying the Producer Price Index – Offices of Lawyers, the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2021 raised the minimum hourly rate for attorneys with over 31 years of experience by $22 from the 2020 rate. Similarly, the minimum hourly rate for attorneys with over 31 years of experience was raised by $15 from 2021 to 2022.

| Year | Requested Amount | New Rate | Revised Amount |
|------|------------------|----------|----------------|
| 2019 | 54.65 hours x $464 = $25,357.60 | $454 | 54.65 x $454 = $24,811.10 |
| 2020 | 197.61 hours x $475 = $93,864.75 | $460 | 197.6 x $460 = $90,896.00 |
| 2021 | 53.9 hours x $490 = $26,411.00 | $482 | 53.9 x $482 = $25,979.80 |
| 2022 | 7.05 hours x $505 = $3,560.25 | $497 | 7.05 x $497 = $3,503.85 |

The requested costs for the work of Ms. Larose and Counsel Press are reasonable. However, the additional medical expert costs by Dr. Kinsbourne are not reasonable. Dr. Kinsbourne's invoices reflect work performed from November of 2019 through April of 2021. (ECF No. 169-2, 169-3.) All of this work occurred after the evidentiary record had closed and after respondent's initial motion for review. The issues addressed in that phase of litigation were predominantly, if not solely, legal. Although some reference to research is noted, the billing entries largely reflect review of legal materials, including motions, decisions, and briefs, as well as consultation regarding oral argument. This is not within the purview of a medical expert and petitioners have provided no explanation that would substantiate the reasonableness of Dr. Kinsbourne's participation during that phase of litigation. Accordingly, petitioners' requested award is further reduced by $5,925.00.

In light of the above, the total award for petitioners' final attorneys' fees and costs is reduced from the requested amount of $160,682.93 to $150,755.08.

### IV.     Conclusion

Petitioners' application for attorneys' fees and costs is **GRANTED** with reductions and:

**Petitioners are awarded a lump sum in the amount of $150,755.08, representing reimbursement for attorneys' fees and costs, in the form of a check made payable to petitioners and their counsel, John F. McHugh, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).